IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RYAN C. INMAN**, )
)
    Plaintiff, )
)
v. ) 2:11cv666
) **Electronic Filing**
**GENERAL ELECTRIC COMPANY,** )
**RICHARDSON ELECTRONICS, LTD,** )
**MCM ELECTRONICS,** and **CBS** )
**CORPORATION** )
)
    Defendants. )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )
)
**RICHARDSON** )
**ELECTRONICS, LTD,** )
)
    Third Party Plaintiff, )
)
v. )
)
**VARIAN INC.**, **VARIAN MEDICAL** )
**SYSTEMS, INC.** and **VARIAN** )
**SEMICONDUCTOR EQUIPMENT** )
**ASSOCIATES, INC.**, as successors-in-interest )
to VARIAN ASSOCIATES, INC. )
)
    Third Party Defendants )

## **MEMORANDUM ORDER**

AND NOW, this 27th day of August, 2015, upon due consideration of plaintiff's motion for leave to reply to third-party defendant Varian's response to plaintiff's motion to compel all Completed Reports of Mr. Ludwell A. Sibley and plaintiff's accompanying request that the court conduct an *in camera* review of the reports in its determination of plaintiff's motion to compel, IT IS ORDERED that [296] the motion be, and the same hereby is, granted. The court has considered the additional briefing in [296] and it has reviewed the sealed, disputed documents in making its ruling on plaintiff's motion to compel; and

IT FURTHER IS ORDERED that upon due consideration of plaintiff's motion to compel all completed reports of Mr. Ludwell A. Sibley, the Varian third-party defendants' response thereto and plaintiff's reply brief and sealed submissions, IT IS ORDERED that [288] the motion be, and the same hereby is, denied.

The 2010 amendments to Federal Rule of Civil Procedure Rule 26 provide in pertinent part:

> *Trial-Preparation Protection for Draft Reports or Disclosures*. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

Fed. R. Civ. P. 26(b)(4)(B).  They further provide:

> *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses*.  Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
> (i)  relate to compensation for the expert's study or testimony;
>
> (ii)  identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii)  identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Id. at 26(b)(4)(C).  These amendments were added to "to provide work-product protection against discovery regarding draft expert disclosures or reports and -- with three specific exceptions -- communications between expert witnesses and counsel."  Advisory Committee Notes, 2010 Amendments.

The subsections were revised to protect attorney work product in the area of draft expert reports and communications between counsel and a retained expert because "'draft reports and attorney-expert communications' are 'areas most vulnerable to the disclosure of opinion work product.'" Windowwizads, Inc. v. Charter oak Fire Ins. Co., 2015 WL 1402352 (E.D. Pa. March

26, 2015) (quoting Republic of Ecuador v. Mackay, 742 F.3d 860, 870 (9th Cir.2014) and citing Fed. R. Civ. P. 26 Advisory Committee Notes, 2010 Amendments (the provisions were added "to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery")). Notwithstanding this protection "Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." Id. (quoting Fed. R. Civ. P. 26 Advisory Committee Notes, 2010 Amendments). If work-product privilege exists, the opposing party may obtain access to them only if it establishes that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Id. (citing Fed. R. Civ. P. 26(b)(3)(A)(ii)).

Here, the entirety of the information submitted on the subject supports a finding that the disputed documents are "draft reports." Contrary to plaintiff's assertion, the reports are unsigned. Furthermore, Mr. Sibley testified that they were draft reports. And counsel immediately objected to their inadvertent disclosure. Against this backdrop, the fact that the documents were not imbued with the word "draft" does not supply credible indicia that the documents were intended to be or somehow became a completed report. Consequently, the reports in question fall within the revised work-product protection afforded by Rule 26(b)(4)(B).

Moreover, the drafts reflect differing approaches to countering the matters brought into focus by plaintiff's testimony and/or plaintiff's expert report. The changes raise a sound inference that they were brought about by discussions with counsel. Such "protected work prepared in anticipation of litigation must be produced only under very limited circumstances." Serrano v. Chesapeake Appalachia, LLC, 298 F.R.D. 271, 277 (W.D. Pa. 2014) (Cercone, J.). An exception to ordinary work product is recognized where the party seeking disclosure can

demonstrate a substantial need for the material and the inability without undue hardship to obtain the substantial equivalent of it by other means. Id. (citing Fed. R. Civ. P. 26(b)(3)).

Here, plaintiff has not even attempted to meet the stringent showing needed to compel material subject to the work-product protection. In addition, disclosure of the differing approaches would be tantamount to compelling disclosure of counsel's strategies and theories about the best measures to pursue in defense. Such "opinion work product is 'afforded near absolute protection from discovery.'" Id. (quoting In re Cendant Corp. Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003)). There is no basis in the record for disclosure of such information.

In short, the documents in question are draft expert reports entitled to protection under the work-product privilege. Plaintiff has failed to supply any basis for overcoming that privilege. Consequently, his motion to compel properly has been denied.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    Paul A. Tershel, Esquire
       Jarrod T. Takah, Esquire
       Anthony J. Rash, Esquire
       Michael J. Sweeney, Esquire
       Lisa M. Barnett, Esquire
       Joni M. Mangino, Esquire
       Matthew G. Breneman, Esquire
       Samantha Quinn, Esquire
       Terrance R. Henne, Esquire

(*Via CM/ECF Electronic Mail*)